UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LE TRONG PHAN,

Petitioner,

v. Case No. 3:26-cv-1705-MMH-PDB

ASSISTANT FIELD OFFICE DIRECTOR (AFOD), MIAMI FIELD OFFICE,

Respondent.

# ORDER

## I. Status

Petitioner Le Trong Phan, an immigration detainee, initiated this action by filing through counsel a Verified Petition for Writ of Habeas Corpus (Doc. 1) on July 1, 2026. The Respondent filed a Response (Doc. 9) with exhibits (Docs. 9-1 through 9-2). Phan failed to reply.

## II. Background

Phan, a citizen of Vietnam, entered the United States as a minor in 1975. Doc. 1 at 8. In September 1991, Phan pled guilty in Louisiana to armed robbery, and he was sentenced to five years of hard labor. Id. On February 18, 1997, an immigration judge ordered Phan removed. Id. On August 14, 1997, the Board of Immigration Appeals dismissed Phan's appeal of his removal

order. Doc. 1-4 at 3. The Department of Homeland Security released Phan on an Order of Supervision (OSUP) on December 11, 1998. Doc. 1 at 9. While released on an OSUP, Phan was convicted in Florida court of shooting into or throwing deadly missiles into an occupied dwelling, and he was sentenced to two years of probation. Id. Phan completed his probationary sentence on December 19, 2006. Id. On June 12, 2026, Immigration and Customs Enforcement (ICE) detained Phan at his OSUP appointment. Id. at 10.

**III. Analysis**

In his Petition, Phan argues, inter alia, that he is entitled to release under Zadvydas v. Davis, 533 U.S. 678 (2001), because he has been detained beyond the presumptively reasonable removal period and there is no significant likelihood of removal in the reasonably foreseeable future. See Doc. 1 at 20–22; see also Doc. 10. Following an order of removal, immigration detention is governed by 8 U.S.C. § 1231. See Johnson v. Guzman Chavez, 594 U.S. 523, 543–44 (2021) ("And § 1231 explains what to do if the alien is ordered removed."); see also Deshati v. Noem, No. 25-cv-15940-ESK, 2025 WL 3204227, at *2 (D.N.J. Nov. 17, 2025)[1] ("The statute governing post-final order of

[1] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

removal immigration detention is 8 U.S.C. § 1231."). Pursuant to 8 U.S.C. § 1231(a)(1)(A), "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." Detention during the removal period is mandatory. 8 U.S.C. § 1231(a)(2).

Nevertheless, in Zadvydas, 533 U.S. at 690, the Supreme Court held that indefinite detention of aliens raises serious constitutional concerns. Once an order of removal is final, ICE should make every effort to remove the alien within a reasonable time. Id. at 701. The government may detain an alien beyond the statutory removal period if he is, among other things, a criminal alien or the Attorney General has determined the alien is a risk to the community or unlikely to comply with the order of removal. 8 U.S.C. § 1231(a)(6). The Supreme Court in Zadvydas held that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. Id. "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter." Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002).

After that six-month period has passed and the alien "'provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,'" the burden then shifts to the Government to provide evidence sufficient to rebut that showing. Id. at 1052 (quoting

Zadvydas, 533 U.S. at 701). Thus, "in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Id. If an alien makes these showings, then the burden shifts to the government to rebut the presumption with sufficient evidence establishing that there is a significant likelihood of removal in the reasonably foreseeable future. Zadvydas, 533 U.S. at 701.

The Court first considers whether the presumptively reasonable six-month period has expired. Courts have used various methods to calculate the six-month period. Some courts have considered in the aggregate all periods of detention following an order of removal, regardless of whether the periods of detention were consecutive. See Jaranow v. Bondi, 819 F. Supp. 3d 1229, 1236 (W.D. Wash. 2026) (collecting cases from the Ninth Circuit that "have found that the six-month period of detention need not be consecutive to reach the limit established in Zadvydas"); Patel v. Bondi, No. CV 25-16218 (KMW), 2025 WL 3294353, at *2 (D.N.J. Nov. 26, 2025) (finding that the court must "consider the entire period of [the p]etitioner's detention"—not just the current length of detention). Other courts have not—instead they have determined that each period of detention restarts the removal-period clock. See Barrios v. Ripa, No.

1:25-cv-22644, 2025 WL 2280485, at *8 (S.D. Fla. Aug. 8, 2025) (rejecting a petitioner's argument "that his detention should be counted in the aggregate based upon his prior detentions," because doing so would raise constitutional concerns to "any subsequent period of detention, even one day," "[a]nd adjudicating the constitutionality of every re-detention would obstruct an area that is in the discretion of the Attorney General—effectuating removals"); Liu v. Carter, No. 25-3036-JWL, 2025 WL 1207089, at *2 (D. Kan. Apr. 25, 2025) ("[T]he removal-period clock restarts when an alien subject to a removal order is again detained by ICE."). Still other courts appear to have determined that the presumptively reasonable six-month period includes the 90-day statutory removal period and the 90-days immediately thereafter and expires once that time has run. See Beltran v. Ripa, No. 2:25-cv-01174-SPC-NPM, 2026 WL 21252, at *2 (M.D. Fla. Jan. 5, 2026).

The Respondent contends that the authority to detain Phan remains within the presumptively reasonable six-month period because, considering only Phan's most recent detention, as of the date of the filing of the Petition, ICE had detained Phan for approximately 16 days. Doc. 9 at 4. The Court is not persuaded that the presumptively reasonable period of detention restarts with each new detention in every circumstance. Instead, the Court finds that once an individual has been detained for more than six consecutive months

after his final order of removal is entered, he has met the first prong of the Zadvydas test. Here, ICE previously detained Phan for nearly one year—between August 14, 1997, and December 11, 1998. Doc. 9-1 at 1. As such, Phan has already been detained beyond the presumptively reasonable six-month period.

Because the six-month period for presumptively reasonable detention has expired, the Court proceeds with Zadvydas's burden-shifting analysis. Phan has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. Phan has had a final order of removal since August 14, 1997, yet ICE has not removed him. And, he contends that Vietnam is not currently accepting removals, and ICE did not secure the acceptance of removal by Vietnam or another third country before revoking Phan's supervision.[2] Doc. 1 at 21. Thus, the burden shifts to the Respondent.

The Court finds that the Respondent has not submitted evidence sufficient to rebut Phan's showing that there is no significant likelihood of removal in the reasonably foreseeable future. Indeed, the Respondent has submitted absolutely no evidence to demonstrate Phan's removal is imminent.

---

[2] Phan asserts that Cuba is not currently accepting removals and ICE did not secure the acceptance of removal by Cuba before releasing him. Doc. 1 at 21. This appears to be a scrivener's error.

They make no representations that ICE has recently obtained any travel document for Phan, that any country intends to accept Phan, or that ICE has communicated with any country regarding Phan since it detained him. Considering this record, the Court finds that the Respondent has to show that there is a significant likelihood Phan will be removed in the reasonably foreseeable future. Moreover, the Respondent does not contend that Phan is a risk to the community or unlikely to comply with the order of removal. Therefore, Phan is entitled to release from detention under Zadvydas.

Because the Court will grant the Petition on the basis of Phan's Zadvydas claim, it need not, and does not, address Phan's remaining claims. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative"); see, e.g., Pena-Gil v. Lyons, No. 25-CV-03268-PAB-NRN, 2025 WL 3268333, at *4 (D. Colo. Nov. 24, 2025) ("Because the Court will grant petitioner's petition on the basis of his Zadvydas claims, . . . it need not reach petitioner's remaining claims that contest petitioner's detention.").

Accordingly, it is **ORDERED**:

1. Phan's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to his Zadvydas claim. The Respondent shall release Phan **within 24 hours**

of this Order, and it shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected. Phan shall be subject to his preexisting OSUP.

2. The **Clerk** is directed to terminate any motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 8th day of October, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

Jax-9 10/7
c: Counsel of record